UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Amy Jo Paul,

    Plaintiff,

v.                                               Case No. 17-12391

Commissioner of Social Security,        Sean F. Cox
                                                     United States District Court Judge

    Defendants.
_____/

## ORDER ADOPTING
## 8/24/18 REPORT & RECOMMENDATION

Plaintiff Amy Jo Paul filed this action under 42 U.S.C. § 405(g), challenging a final decision of the Commissioner of Social Security denying her application for social security disability insurance benefits and supplemental security income benefits. The matter was assigned to Magistrate Judge Anthony Patti for all pretrial proceedings. The matter recently came before the magistrate judge on cross-motions for summary judgment. In a Report and Recommendation ("R&R") issued on August 24, 2018, the magistrate judge recommends that the Court deny Plaintiff's motion for summary judgment, grant Defendant's motion for summary judgment, and affirm the Commissioner's decision.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a magistrate judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. Plaintiff filed timely objections to the R&R on September 7, 2018.

Plaintiff objects to the magistrate judge's reference to her medication non-compliance

1

and to the reference to gaps in her mental health treatment. (Objs. at 1-3). As the magistrate judge explained, the ALJ was permitted to consider Plaintiff's treatment and medication compliance in her credibility assessment.

Plaintiff further objects to the ALJ having concluded that Plaintiff's symptoms improved when she was compliant with her medication. (Objs. at 4). Plaintiff acknowledges that she did experience improvement with treatment, but continues to assert that the record reflects that her symptoms remained disabling. The magistrate judge disagreed, finding that substantial evidence in the record supports the ALJ's RFC to limit Plaintiff to simple, routine and repetitive tasks, with only occasional and superficial interaction with coworkers and the public. (R&R at 28). The Court concurs with the magistrate judge's analysis.

Next, Plaintiff faults the ALJ for not having credited a letter from Caseworker Powell as establishing that gaps in Plaintiff's treatment were caused by a loss of insurance coverage. (Objs. at 4-7). The magistrate judge explained why that letter did not aid Plaintiff: "Plaintiff points to Ms. Powell's letter stating that Plaintiff would periodically lose her insurance. However, she fails to present any evidence that her gaps in treatment were due to a loss in insurance, while the Commissioner cites to record evidence demonstrating that, contrary to Plaintiff's claim, she had Medicaid Molina coverage during the October 2011 through January 2013 time period in which she had gaps in treatment." (R&R at 29).

Finally, Plaintiff objects to the ALJ having given little weight to the medical source statement of Dr. Sachin Nagarkar. (Objs. at 7-9). Plaintiff presented that same argument to the magistrate judge, who properly rejected it. The magistrate judge found that the ALJ gave sufficient reasons for giving Dr. Nagarkar's opinion little weight, explaining that: 1) the doctor

did not provide any basis for his opinions of such severe limitations; 2) his statement consisted entirely of checkmarks, without any rationale or explanation for the limitations he imposed; 3) he did not identify any medical signs or clinical evidence supporting his statement and the severe limitations in it; 4) because Dr. Nagarkar only met with Plaintiff two times before issuing his statement, it was reasonable to question whether he should be considered Plaintiff's treating psychiatrist; and 5) in any event, the doctor's limited treatment records do not support his extreme treatment limitations. This Court concurs with the magistrate judge's analysis as it relates to Dr. Nagarkar.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the August 24, 2018 R&R (D.E. No. 22), and **ORDERS** that: 1) Plaintiff's summary judgment is **DENIED**; 2) Defendant's summary judgment is **GRANTED**; and 3) the Commissioner's decision is **AFFIRMED.**

**IT IS SO ORDERED**.

        s/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: September 19, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 19, 2018, by electronic and/or ordinary mail.

        s/Jennifer McCoy
        Case Manager